**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:12-CV-00967-WO-JEP**

| | |
|---|---|
| RF MICRO DEVICES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| JIMMY S. XIANG, XIAOHANG DU, FENG WANG and VANCHIP TECHNOLOGIES LTD. | ) ) ) ) |
| Defendants. | ) ) ) |

**Plaintiff's Response to Defendants' Notice of Intent to Oppose Plaintiff's Motion for Order of Attachment**

Through counsel, Plaintiff RF Micro Devices, Inc. ("RFMD") responds to Defendants' Notice of Intent to Oppose Plaintiff's Motion for Order of Attachment ("Notice of Intent") as follows:

1. Because Defendants Xiang and Du work and reside in China, RFMD has filed a similar lawsuit in China against those Defendants, as well as two Chinese corporations the Defendants have formed to facilitate their misuse of RFMD's intellectual property in China (Vanchip Tianjin Electronic Technology Co., Ltd. ("Vanchip Tianjin"); and Shanghai Vanchip Electronic Technology Co., Ltd. ("Shanghai Vanchip")) (the "China Litigation").

2. In the China Litigation, the Shanghai Court granted a seizure order pursuant to which the Court attempted to seize assets from four separate accounts held by the Chinese Vanchip companies formed by those Defendants. Three accounts were held by Vanchip Tianjin, and the other was held by Vanchip Shanghai. The

1

account held by Vanchip Shanghai had been closed by the time the seizure order was executed. The three accounts held by Vanchip Tianjin turned out to be the same account, and had been opened and closed sequentially. By the time of the seizure, only approximately $125,000 was in that account.[1] RFMD therefore believes that Defendants have already taken efforts to transfer assets into various currently unknown accounts in an effort to obstruct RFMD's ability to collect on any judgment it obtains.

3. In light of this and the amount of delay that is built into the schedule offered by Defendants, Defendants' proposal provides a considerable amount of time during which Defendants could continue transferring assets in an effort to make recovery by RFMD more difficult, if not impossible.

4. After receiving Defendants' Notice of Intent, the undersigned contacted Defendants' counsel and asked whether Defendants would stipulate to an order precluding them from transferring their North Carolina assets pending the Court's ruling on RFMD's attachment motion, such that the schedule requested by Defendants in their Notice of Intent would not unduly prejudice RFMD. Defendants' counsel stated that he did not have authority to consent to that request, and that he would be unable to respond further prior to meeting with Defendants on Friday, August 31st.[2]

---

[1] RFMD is seeking in excess of $10,000,000 in this litigation.
[2] Similarly, Defendants' counsel said that he would be unable to respond to RFMD's request that he accept service on behalf of Defendants Xiang and Du prior to meeting with them on August 31, 2012.

2

5. Based on the above, RFMD respectfully submits that the Court should consider and rule on the attachment motion as quickly as possible. Alternatively, if Defendants wish to have the Court adopt their proposed schedule on the attachment motion, Defendants Xiang and Du should be required to certify that they have not transferred any North Carolina assets since the complaint was filed, and stipulate that they will not transfer any North Carolina assets pending the Court's ruling on the motion.

6. Finally, although Defendants' Notice of Intent is ambiguous as to whether or not Defendants intend to oppose RFMD's motion for expedited discovery, the Notice provides no basis or justification for denying that motion or delaying a ruling on same. (*See* Dkt. 14). As detailed in RFMD's motion for expedited discovery and supporting brief, Defendants Du and Xiang have already demonstrated a willingness to destroy evidence relating to the claims asserted in this litigation, and then to take steps to erase evidence of such destruction. (*See* Ex. 1 to Dkt. 4, Scarazzo Affidavit, at ¶¶ 6-8). Here, the requested discovery is narrowly tailored to seek limited documents from three non-party internet service providers who may have relevant information that may be destroyed during the course of the internet service providers' normal business operations if RFMD is forced to wait months to serve the requested discovery. Under these circumstances, RFMD respectfully submits that the Court should grant the motion for expedited discovery as soon as it is able.

Dated: August 30, 2012                                  Respectfully submitted,

/s/ John F. Morrow, Jr.
John F. Morrow, Jr.
North Carolina State Bar No. 23382
Brent Powell
North Carolina State Bar No. 41938
**WOMBLE CARLYLE**
**SANDRIDGE & RICE, LLP**
One West Fourth Street
Winston-Salem, NC  27101
Tel:  (336) 721-3584
Fax:  (336) 733-8429
jmorrow@wcsr.com
brpowell@wcsr.com

Paul B. Keller
Laura R. Hall
Michael Westfal
**ALLEN & OVERY LLP**
1221 Avenue of the Americas
New York, NY 10020
(212) 610-6300

Benjamin Bai
**ALLEN & OVERY LLP**
15F, Tower II, Shanghai IFC
8 Century Avenue
Pudong, Shanghai  200120
China
+86 21 2036 7000

Allen & Overy LLP is appearing pursuant to Local Rule 83.1(d).

*Counsel for Plaintiff*
*RF Micro Devices Inc.*

4

## CERTIFICATE OF SERVICE

I certify that on August 30, 2012, I filed the foregoing document using this court's ECF system, which will serve a copy via email to all counsel of record.

David Sar, Esquire
Joseph A. Ponzi, Esquire
Brooks Pierce McLendon Humphrey & Leonard, LLP
Post Office Box 26000
Greensboro, North Carolina  27420

/s/John F. Morrow, Jr.
John F. Morrow, Jr. (NCSB No. 23382)
WOMBLE CARLYLE SANDRIDGE &
RICE, LLP
One West Fourth Street
Winston-Salem, NC  27101
Phone: 336-721-3584
Fax:    336-733-8429
E-Mail:    jmorrow@wcsr.com