IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:12-CV-00967-WO-JEP

| | |
|---|---|
| RF MICRO DEVICES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) | **Plaintiff's Reply in Support of its Motion For Expedited Discovery** |
| JIMMY S. XIANG, XIAOHANG DU, FENG WANG and VANCHIP TECHNOLOGIES LTD. | ) ) ) ) |
| Defendants. | ) ) |

Through counsel and pursuant to Local Rule 7.3, Plaintiff RF Micro Devices, Inc. ("RFMD") submits this reply brief in support of its Motion for Expedited Discovery (Dkt. 3).

**REPLY ARGUMENTS**

Defendants' response concludes by stating that Defendants "have authorized counsel to indicate that they have no intention to and will not delete, erase or destroy any documents, email or other materials concerning this dispute with RFMD." (*See* Dkt. 22, at p. 16). This statement fails to confirm that Defendants have not previously taken steps to erase or destroy relevant documents from the subject email accounts (or other sources), and is noticeably absent from the declarations Defendants themselves submitted in support of their response. (*See* Dkt.s 23 and 24).

Defendants' failure to certify that they have not previously taken steps to erase or destroy relevant documents or to otherwise preserve the subject email accounts only heightens RFMD's concern that important evidence of Defendants' misdeeds may soon be lost if RFMD is not allowed to promptly serve valid subpoenas on Yahoo, Google and AT&T. As detailed in RFMD's opening brief: (a) messages deleted using Google's (Gmail) "delete forever" function are removed from active servers within 60 days and may or may not be accessible from backups after that time; (b) deleted emails are permanently deleted from Yahoo!'s mail servers and residual copies remain for no longer than 60 days; and (c) AT&T maintains users' deleted emails on the server only "temporarily." (*See* Dkt. 4, at pp. 6-7). Compounding the problem is that Google and Yahoo have now confirmed that they have no intention of preserving the requested documents absent receipt of valid subpoenas. (*See* Dkt. 19). Under these circumstances, RFMD may suffer genuine prejudice if it is not allowed to serve the subject subpoenas in the very near future.

By contrast, Defendants have not even claimed that they will be prejudiced if RFMD is allowed to serve the subject subpoenas (*see* Dkt. 22); nor could they. The subpoenas are directed to non-parties, and require no efforts from Defendants to respond. Moreover, the subpoenas do not seek any documents of a personal nature, and instead are narrowly tailored to capture emails Defendants have sent using the subject accounts relating to RFMD or Vanchip. (*See* Exs. 1-3 to Dkt. 3).

As a final matter, the fact that RFMD has already uncovered evidence that Mr. Xiang deleted thousands of files from his laptop prior to returning same to RFMD, does nothing to undermine RFMD's efforts to obtain discovery from accounts belonging to Messrs. Du and Wang.[1] Well before resigning from RFMD in September 2010, Defendants Xiang and Du commenced joint and concerted efforts to form the competing Vanchip entities, which according to Defendants' September 2009 business plan, would manufacture power amplifier and antenna switch chips using RFMD's proprietary technology and target selling them to RFMD's customers. (Dkt. 1, at ¶¶ 38-49). While it is not clear exactly when Mr. Wang joined the scheme, he was listed as Vanchip's president at least as early as August 3, 2011, and appears to remain a vital part of Defendants' collaborative effort. (*Id*. at ¶ 51). These facts provide ample reason to conclude that Messrs. Du and Wang have used the subject email accounts to correspond with Mr. Xiang and others regarding their unlawful use of RFMD's proprietary data to the detriment of their former employer. Indeed, why would Defendants contest early discovery of those accounts if that was not the case?

Based on the above, RFMD's request for limited expedited discovery: (a) is reasonable under the circumstances; (2) is narrowly tailored to address the

---

[1] Although Defendants attempt to downplay such evidence, the circumstances paint a disturbing picture. Messrs. Xiang and Du both tendered their resignations to RFMD on September 10, 2012. (Dkt. 1 at ¶ 53). Messrs Xiang and Du then continued to attempt to access their RFMD email accounts, and at least Mr. Du was able to do so over the next three days. (*Id*.). Mr. Xiang then returned one of his RFMD laptops, but initially refused to return the other. While withholding the second laptop, Mr. Xiang used erasure software to delete more than 150,000 files stored on it. (*Id*. at ¶ 54). Mr. Xiang then returned the laptop to RFMD.

circumstances creating the need for early discovery; (3) will not prejudice Defendants; and (4) may result in irreparable harm to RFMD if not granted. These factors weigh in favor of granting the motion. *See Dimension Data N. Am., Inc. v. NetStar-1, Inc.*, 226 F.R.D. 528, 531-32 (E.D.N.C. 2005).

## CONCLUSION

For the foregoing reasons, RFMD respectfully requests that the Court grant its motion for expedited discovery in all respects.

Dated: September 10, 2012

Respectfully submitted,

/s/ John F. Morrow, Jr.
John F. Morrow, Jr.
North Carolina State Bar No. 23382
Brent Powell
North Carolina State Bar No. 41938
**WOMBLE CARLYLE**
**SANDRIDGE & RICE, LLP**
One West Fourth Street
Winston-Salem, NC 27101
Tel: (336) 721-3584
Fax: (336) 733-8429
jmorrow@wcsr.com
brpowell@wcsr.com

Paul B. Keller
Laura R. Hall
Michael Westfal
**ALLEN & OVERY LLP**
1221 Avenue of the Americas
New York, NY 10020
(212) 610-6300

Benjamin Bai
**ALLEN & OVERY LLP**
15F, Tower II, Shanghai IFC
8 Century Avenue
Pudong, Shanghai 200120
China
+86 21 2036 7000

Allen & Overy LLP is appearing
pursuant to Local Rule 83.1(d).
*Counsel for Plaintiff*
*RF Micro Devices, Inc.*

## CERTIFICATE OF SERVICE

I certify that on September 10, 2012, I filed the foregoing document using this court's ECF system, which will serve a copy via email to all counsel of record.

    David Sar, Esquire
    Joseph A. Ponzi, Esquire
    Brooks Pierce McLendon Humphrey & Leonard, LLP
    Post Office Box 26000
    Greensboro, North Carolina  27420

/s/John F. Morrow, Jr.

John F. Morrow, Jr. (NCSB No. 23382)
WOMBLE CARLYLE SANDRIDGE &
RICE, LLP
One West Fourth Street
Winston-Salem, NC  27101
Phone: 336-721-3584
Fax:    336-733-8429
E-Mail:    jmorrow@wcsr.com