Exhibit 1 – Answer to complaint in China
Lawsuit, with English translation

(Exhibit to Reply in Support of Motion to
Dismiss or Stay, or For a More Definite
Statement)

Case 1:12-cv-967
RF Micro Devices, Inc. v. Xiang, et al.

# Answer to complaint

**Respondent I: Xiao Hang DU**, Male, born on April 22, 1971
Address: Room 1010, No. 570 Shengxia Road, Zhangjiang Hi-Tech Park,
          Shanghai

**Respondent II: Jimmy Shang XIANG**, Male, born on Nov 25, 1972
Address: Room 620, Golden Land Building, 32 Liangmaqiao Road, Chaoyang
          District, Beijing

**Respondent III: VanChip (Tianjin) Technology Co., Ltd.**
Legal Representative: Li ZHAO
Address: Room 209, Fl 2, Building A1, Science & Technology Park of Tianjin
          University, No.80, 4th Avenue, Economic & Technical Development
          Zone, Tianjin

**Respondent IV: Shanghai VanChip Technology Co., Ltd.**
Legal Representative: Li ZHAO
Address: Room 1010, No. 570 Shengxia Road, Zhangjiang Hi-Tech Park,
          Shanghai

**Plaintiff I: RF Micro Devices, Inc.**

**Plaintiff II: RF Micro Devices (Beijing) Co., Ltd.**

For the case that the Plaintiffs (RF Micro Devices, Inc. and RF Micro Devices (Beijing) Co., Ltd.) filed the trade secret infringement claim and the unfair competition claim against the Respondents, in accordance with the laws and facts, the Respondents hereby answer the Plaintiffs' complaint as follows:

　　1．The Plaintiffs confused different legal relationships, resulting in blurring the causes of action.

On one side, the Plaintiffs claimed that the Respondents have theft, disclosed and misused their trade secret; on the other side, they alleged that the Respondents have copied and plagiarized the Plaintiffs' product datasheet. The two actions fall under two different legal relationships which are the infringements of trade secret and the copyright respectively. However, the Plaintiffs advocated both sides at the same time, in violation of the basic principle of the civil procedure law in P.R.C. As a result, the Respondents find it hard to file an answer normally.

2．The Plaintiffs failed to explicitly define the specific content of the trade secret claimed to be protected.

Basically, it is rational that plaintiff of a trade secret infringement claim shall describe the specific content of the trade secret claimed to be protected when raising the lawsuit in court. Otherwise, it is impossible to verify whether certain trade secret has been infringed, and how much economic damages have been suffered by plaintiff for such infringement. In this case, Plaintiffs failed to explicitly define the specific content, carrier, and other information of the trade secret they claimed for protection. Without prove the subject matter, how can the damages be attached. The trade secret infringement claim and the unfair competition claim Plaintiffs made are only based on Plaintiff's subjective inference. Therefore, Respondents hereby move the People's Court to dismiss all the claims Plaintiffs made in accordance with law.

3．The Respondents have never conducted any infringement of other party's trade secret.

In the complaint, the Plaintiffs alleged that the Respondents have theft, disclosed and used their trade secret. This allegation is created without any factual support, and is a malicious defamation to the Respondents. The Respondents reserve the right to claim against the Plaintiffs for their statutory liabilities resulted in accordance with the law.

The products with the models of VC5268, VC7801 and VC5276 of the Respondents were developed independently by the Respondents. Furthermore, the Respondents have already applied for invention patents for those models to Chinese National Patent Office. These proprietary intellectual property rights shall be protected by law.

4．The Plaintiffs' claim for compensation at CNY 70 million yuan as economic losses does not have any facts and legal basis.

The Plaintiffs claimed that the Respondent shall compensate the economic losses of Plaintiff at the amount of CNY 70 million yuan. This claim has no facts and legal basis, and shall be dismissed in accordance with law.

To be emphasized, the technologies used by the Respondents are based on independent innovations and VanChip Technology was the first Chinese enterprise to achieve international standards in PA (Power Amplifier) field; thus the Respondents become one of the main competitors of the Plaintiffs'. Because of the fast adaption of the Respondents product in China market, the Plaintiffs' market profit has been threatened. Therefore, the Plaintiffs claimed without any factual support that the Respondents applied for patents by using

their trade secret, moved the People's Court to freeze the bank account of the Respondents, and required the Respondent to stop legitimate production and operation activities. Obviously, the Plaintiffs aimed at destroying the respondent's trade reputation, crashing the competitor, and then monopolizing the market.

In conclusion, the action brought by the Plaintiffs failed to raise clear cause of action in accordance with law, failed to explicitly define the detail of the trade secret claimed for protection, and failed to clarify the claims of the action and their factual basis. In accordance with law, the Respondents hereby move the court to decline all the allegations the Plaintiffs made and dismiss the case in whole, so that to safeguard the legitimate rights of the respondents, and to maintain the dignity of the law.

Regards,

Shanghai First Intermediate People's Court

Respondents

Xiaohang DU

Jimmy Shang XIANG

VanChip (Tianjin) Technology Co., Ltd.
Legal Representative: Li ZHAO

Shanghai VanChip Technology Co., Ltd.
Legal Representative: Li ZHAO

September _____, 2012

# 答 辩 状

答辩人一：Du Xiaohang, 男，生于 1971 年 4 月 22 日

　　　　　住址：上海市张江高科技园区盛夏路 570 号 1010 室


答辩人二：Jimmy Shang Xiang，生于 1972 年 11 月 25 日

　　　　　住址：北京市朝阳区亮马桥路 32 号高澜大厦 620


答辩人三：唯捷创芯（天津）电子技术有限公司

　　　　　法定代表人： 赵理

　　　　　住所地：天津开发区第四大街 80 号天大科技园 A1 座 2 楼 209 室


答辩人四：上海唯捷创芯电子技术有限公司

　　　　　法定代表人：赵理

　　　　　住所地：上海市张江高科技园区盛夏路 570 号 1010 室


被答辩人一：RF Micro Devices, Inc


被答辩人二：威讯联合半导体（北京）有限公司


　　就被答辩人 RF Micro Devices, Inc.、威讯联合半导体（北京）有限公司诉答辩人侵犯商业秘密纠纷和不正当竞争纠纷一案，现依据事实和法律提出如下答辩意见：


**一、被答辩人混淆了不同的法律关系，致使诉由不清**

被答辩人一方面声称答辩人盗窃、披露和使用其商业秘密，一方面又称答辩人复制、抄袭其产品说明书，两者分属侵害商业秘密和侵害著作权的法律关系，而被答辩人在本案中同时主张，违背了民事诉讼法的基本原理，也使答辩人无法正常应诉。

## 二、被答辩人未依法明确其请求保护的商业秘密的具体内容

根据基本的常识，商业秘密侵权诉讼的原告向法院提起诉讼，首先必须明确其请求保护的商业秘密的具体内容，否则根本无法确定商业秘密是否被侵犯、无法确定其是否因此遭受经济损失。被答辩人提起本案诉讼并没有依法明确其请求保护的商业秘密的具体内容和载体等，皮之不存，毛将焉附？被答辩人提起的所谓侵犯商业秘密和不正当竞争的诉讼只能是主观臆断，答辩人请求人民法院依法驳回其诉讼请求。

## 三、被答辩人从未实施过侵犯他人商业秘密的行为

被答辩人在起诉书中指责答辩人盗窃、披露和使用其商业秘密，这完全是无中生有，是对答辩人的恶意陷害，答辩人将依法追究被答辩人的法律责任。

答辩人的 VC5268、VC7810 与 VC5276 产品完全是由答辩人自主研发，并且已经依法向国家专利局申请发明专利，该项自主知识产权理应受到法律的保护。

## 四、被答辩人要求赔偿原告经济损失人民币 7000 万元没有任何事实和法律依据

被答辩人要求赔偿原告经济损失人民币 7000 万元，该项诉讼请求毫无事实和法律依据，依法应予驳回。

需要强调的是，答辩人所拥有的技术在 PA 设计领域属于重大创新，比被答辩人的技术更先进，生产成本更低，答辩人由此成为被答辩人的竞争对手。正是由于答辩人在中国的迅速崛起，对被答辩人的市场利益构成威胁，被答辩人竟然

在毫无事实依据的情况下指责答辩人将其商业秘密申请专利，进而通过法院冻结答辩人银行账户、要求答辩人停止合法的生产经营活动。显然，被答辩人的企图是要毁坏答辩人的商业声誉，以达到不择手段击垮竞争对手、独霸市场的目的。

综上，被答辩人提起本案诉讼未依法明确诉由，未明确其请求保护的商业秘密的具体内容，基本的诉讼请求不明确，基本事实不清。答辩人请求人民法院依法驳回被答辩人的全部诉讼请求，维护答辩人的合法权益，维护法律的尊严。

此致

上海市第一中级人民法院

答辩人：

Du Xiaohang

Jimmy Shang Xiang

唯捷创芯（天津）电子技术有限公司
法定代表人：赵理

上海唯捷创芯电子技术有限公司
法定代表人：赵理

二 〇 一 二 年 九 月　　　 日