Exhibit 2 – Martindale Hubble Law Digest, People's Republic of China Law Digest, Civil Actions and Procedure

(Exhibit to Reply in Support of Motion to Dismiss or Stay, or For a More Definite Statement)

Case 1:12-cv-967
RF Micro Devices, Inc. v. Xiang, et al.



1 of 1 DOCUMENT

Martindale-Hubbell(R) Law Digest - Asian Law Digests

Copyright 2010 by Reed Elsevier, Inc.

1 PEOPLE'S REPUBLIC OF CHINA LAW DIGEST
5 CIVIL ACTIONS AND PROCEDURE

*1 PEOPLE'S REPUBLIC OF CHINA LAW DIGEST 5.07*

**5.07 EVIDENCE:**

Rules of Supreme Court on Evidence in Civil Litigation was adopted at 1201st Meeting of Judicial Committee of Supreme Court 6 Dec. 2001, effective as of Apr. 1, 2002.

Rules were established pursuant to regulations of laws such as Civil Procedure Law of China (hereinafter referred to as "Civil Procedure Law"), experience in civil adjudication, actual facts to ensure that courts can hold facts of case correctly, determine civil case fairly, timely; parties can perform litigious rights according to law.

   **Burden of Proof.**

Rules specify which party bears burden of proof depending on nature of claim. If burden of going forward is met, other party has right to provide evidence to rebut claim. Court shall explain to any party requirement, legal consequence of producing evidence to urge that evidence shall be produced in active, comprehensive, correct, honest manner within reasonable period. One party may apply to court for investigation, collection of evidence, which cannot be collected by oneself owing to objective reasons. (Art. 3).

Evidence provided to court by party shall be original; or copy or duplicate thereof verified true by court if original evidence cannot be produced. (Art. 10). Evidence produced by one party to court established out of China shall be proved by notary organization of host country, attested by Chinese Embassy in that country or go through procedures of proof provided by relevant agreement concluded between China and above country. Evidence produced by one party to court established in Hong Kong, Macao or Taiwan shall go through relevant procedures of proof. (Art. 11). Chinese translation shall be provided for documentary evidence or expository material in foreign language produced by one party to court. (Art. 12). For facts neither party disputes but involving state, public interests, others' legal rights, interests, court may order one party to provide relevant evidence. (Art. 13). One party shall provide evidence signed, sealed, sorted, numbered with brief description of its source, object, content of proof, with presenting date, in copies pursuant to number of other party's participants. Court shall issue receipt signed or sealed by handling person, for evidence received, indicating its name, number of copies and pages, and receiving time. (Art. 14).

   **Investigation and Collection of Evidence by Court.**

"Evidence considered necessary by court for hearing a case" provided by Civil Procedure Law, Art. 64 refers to following circumstances (Art. 15): (i) Involving facts which might damage state, public interests, and others' legal rights and interests; (ii) involving procedural matters which are irrelevant to material dispute, such as adding parties, discontinuing or terminating action and withdrawing, pursuant to functions and powers.

Except for circumstances provided by Art. 15 of Rules, investigation and collection of evidence by court shall be made upon application of party. (Art. 16). Under following circumstances, one party may file application with court to obtain evidence, such as: (i) Evidence maintained by departments regarding courts action, such archives materials; (ii) materials concerning state secrets, business secrets, individual privacy; (iii) evidence parties by themselves cannot obtain owing to objective reasons. (Art. 17).

Arts. 18 through 29 specify procedure for party or that party's attorney to request production, preservation or appraisal of evidence.

Court shall approve one party's application, based on sufficient evidence to oppose, for reappraisal of conclusion made by relevant department authorized by other party at his will. (Art. 28). Judicial officer shall examine whether appraisal certificate issued by appraising person covers following aspects: (i) Name or title of client; content authorized to appraise; (ii) material authorized to appraise; (iii) basis of appraisal, scientific and technological method applied; (iv) description of appraising process; (v) definite conclusion of appraisal; (vi) description of appraising person's qualification for appraisal; (vii) signature, seal of appraising person, appraising agency. (Art. 29).

Record shall be kept for investigation of material evidence or scene by court, stating time, location, process, results of investigation, on-site investigator, persons on scene, including their signature or seal. Sketch of scene shall contain contents such as drawing time, direction, drawer's name identification. (Art. 30). Excerpts of document, material by relevant organizations concerning facts of case shall contain source, seal of producing or reserving organization, signature or seal of excerpting person and other investigators. Excerpts of document, material shall keep integrality in content, not quoting out of context. (Art. 31).

### Time Limit for Producing Evidence, Exchange of Evidence.

Defendant shall provide written pleadings before expiration of time limit, stating his opinion on plaintiff's claim, facts and reasons serving as foundation of said claim. (Art. 32). Court shall provide notice of producing evidence to one party at time when notice of acceptance and that of responding to action are served, containing principle, requirements of distribution of burden of proof, circumstances under which one party may apply to court for evidence investigation, collection, time limit provided by court pursuant to facts of case, legal consequence for evidence produced overdue. (Art. 33).

Time limit for producing evidence shall be determined by both parties through consultation, subject to approval by court, or shall be specified by court, which shall not be less than 30 days from date when parties receive notice of court acceptance. (Art. 33). Court shall not arrange cross-examination of evidence submitted exceeding time limit, unless other party agrees to such arrangement. One party shall add or alter claims or institute countersuit before time limit for producing evidence expires. (Art. 34). In proceedings where one party holds nature of legal relationship, validity of civil acts different from court's determination, Art. 34 of Rules shall not control; court shall provide notice that he may alter his claims. Court shall provide new time limit for producing evidence where one party changes his claims. (Art. 35). Court may properly extend time limit upon application by one party that cannot submit evidence on time within limit. Party that cannot submit evidence within extension may file another application to postpone, which shall be decided by court. (Art. 36).

Court may upon one party's application, arrange evidence exchange before hearing deciding case. For case complex, difficult or with more evidence, court shall arrange evidence exchange after time limit for pleadings expires, before

court is held. (Art. 37). Time of exchanging evidence shall be determined by parties through consultation or specified by court. For evidence exchange arranged by court, time limit for producing evidence expires when evidence is exchanged. For one party's application for extension of time limit for producing evidence approved by court, time of exchanging evidence shall be postponed accordingly. (Art. 38). Evidence exchange shall be managed by judicial officers. In process of exchanging evidence, facts, evidence that neither party opposes shall be recorded by judicial officers; evidence in opposition shall be recorded, sorted with reasons for opposition under category of facts to be proved. Major problems disputed by both parties shall be made clear through evidence exchange. (Art. 39).

"New evidence" provided in Civil Procedure Law, Art. 125, Item 1 refers to following circumstances: (i) New evidence in procedure of first instance includes: evidence found newly by one party after time limit for producing evidence in first instance expires; evidence which cannot be provided within time limit owing to objective reasons and extension approved by court; (ii) new evidence in procedure of second instance including: evidence found newly after hearing of first instance is concluded; evidence application for investigation, collection of which is declined before time limit for producing evidence in first instance expires, but approved to be investigated, collected upon one party's application by court of second instance. (Art. 41). Law sets specific time limits for production of new evidence.

### Cross-Examinations.

All evidence shall be presented in court. Any evidence that has not been cross-examined shall not be used as basis to determine facts of case. (Art. 47). Evidence admitted by both parties in exchanging evidence shall be recorded and used as basis to determine facts of case after being explained by judicial officers in court trial. (Art. 47). Evidence involving state secrets, business secrets, individual privacy shall not be cross-examined in public. (Art. 48). One party has right to ask for presentation of original evidence when documentary or material evidence, audio-visual material is cross-examined, except for one of following circumstances: (i) Presentation of copy or duplicate approved by court if there is difficulty in producing original; (ii) copy or duplicate proved to be same with original which is already not in existence. (Art. 49). Arts. 50 through 62 set forth extensive and detailed rules governing cross-examination.

### Examination, Judgment of Evidence.

Court shall make judgment pursuant to facts proved by evidence. (Art. 63). Judges shall, on basis of logical reasoning, daily life experiences, make judgments independently on whether evidence has probative value. Judges must explain reasons for accepting evidence. (Art. 64).

Arts. 66 through 79 provide detailed regulation of manner in which judge evaluates and accepts or rejects evidence.

### Others.

Art. 80 sets forth penalties for deliberate interference with collection of evidence or taking of testimony.