IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RF MICRO DEVICES, INC.,           )
                                  )
            Plaintiff,            )
                                  )
      v.                          )     1:12CV967
                                  )
JIMMY S. XIANG, XIAOHANG DU,      )
FENG WANG and VANCHIP             )
TECHNOLOGIES LTD.,                )
                                  )
            Defendants.           )

**ORDER**

Plaintiff RF Micro Devices, Inc. ("RF Micro") has moved, pursuant to Rule 64 of the Federal Rules of Civil Procedure and N.C. Gen. Stat. § 1-440.1 et seq., for an order of attachment as to all real and personal property of Defendants Jimmy S. Xiang and Xiaohang Du. (Doc. 5.) Mr. Xiang and Mr. Du have responded to the motion (Doc. 22), and the matter is ripe for ruling. For the reasons set forth herein, the motion will be granted as to Mr. Xiang's contributions to any accounts at BB&T, denied as to Mr. Xiang's real property, and denied as to Mr. Du.

RF Micro filed this Complaint (Doc. 1) alleging several causes of action including copyright infringement (Count I), misappropriation of trade secrets (Count II), breach of contract (Count III), unfair and deceptive trade practices (Count IV),

and conversion (Count V). Subject matter jurisdiction is alleged pursuant to 28 U.S.C. § 1331 as to the federal claim and 28 U.S.C. §§ 1338 and 1367 as to the state law claims.

The Complaint alleges, in pertinent part, that Mr. Xiang and Mr. Du were employees of RF Micro. (Id. ¶¶ 22-23, 53.) According to the Complaint, Mr. Xiang and Mr. Du executed an Inventions, Confidentiality and Nonsolicitation Agreement (id. ¶ 25) and, as a result, their employment included access to RF Micro's trade secrets and confidential information (id. ¶ 31). After approximately ten years of employment with RF Micro, Mr. Xiang and Mr. Du improperly took and used the proprietary information of RF Micro to establish a competing business or businesses. (Id. ¶ 2.) As part of that competition, RF Micro alleges that Mr. Xiang and Mr. Du improperly sold competing products using RF Micro's copyrights, trade secrets, and proprietary information. (Id. ¶ 55.) RF Micro seeks a money judgment against all Defendants, including Mr. Xiang and Mr. Du.

In support of the motion for attachment, RF Micro filed the affidavit of George W. Rhyne, Director of Corporate Business Development of RF Micro. (Pl.'s Mem. of Law in Supp. of Mot. for Order of Attach., Ex. 1, Affidavit of George W. Rhyne ("Rhyne Aff.") (Doc. 6-1).) Mr. Rhyne states in his affidavit

that according to the personnel records at RF Micro, "Xiang is a naturalized citizen of the United States and resides in Beijing, China and Du is a citizen of China. According to an investigator retained by [RF Micro] and information from current [RF Micro] employees, Du resides in Shanghai, China." (Rhyne Aff. (Doc. 6-1) ¶ 6.) Mr. Rhyne also states that both Mr. Xiang and Mr. Du own real property in North Carolina. Mr. Xiang owns real property in Browns Summit, North Carolina, and Mr. Du owns real property in Colfax, North Carolina. (Id. ¶ 7.) Mr. Rhyne further states that both Mr. Xiang and Mr. Du owned bank accounts in North Carolina while employed by RF Micro. (Id. ¶ 8.)

Mr. Xiang filed a declaration in response to the motion for attachment. (Declaration of Jimmy S. Xiang ("Xiang Decl.") (Doc. 23).) Mr. Xiang states that he immigrated to the United States in 1985, became a United States citizen around 1994, and moved to North Carolina, his permanent residence, in 1999. (Id. ¶¶ 3-4.) Mr. Xiang presently holds a North Carolina driver's license. (Id. ¶ 5.) Mr. Xiang states that he purchased his home in Browns Summit in 2000 and that he continues to pay North Carolina income tax. (Id. ¶¶ 6-7.) Mr. Xiang jointly holds a bank account at BB&T with his wife. (Id. ¶ 8.) Mr. Xiang often

travels outside of North Carolina on business and has spent most of his time outside of North Carolina in recent years. (Id. ¶ 7.)

Mr. Du also filed a declaration in response to the motion for attachment. (Declaration of Xiaohang Du ("Du Decl.") (Doc. 24).) Mr. Du states that he moved to North Carolina in September 2000. (Id. ¶ 3.) Mr. Du became a United States citizen in 2011, has held a North Carolina driver's license since 2004, and purchased his home in Colfax in 2002. (Id. ¶¶ 4-6.) Mr. Du pays North Carolina income tax and holds a bank account at Wells Fargo jointly with his wife. (Id. ¶¶ 7-8.) Mr. Du's wife works for Volvo North America, and she deposits her pay directly into the Wells Fargo bank account. (Id. ¶ 8.)

In response to Defendants' declaration, RF Micro filed the declaration of Edward Musselwhite, an investigator with Investigative Associates & Consultants, Inc. (Declaration of Edward H. Musselwhite ("Musselwhite Decl.") (Doc. 30).) Mr. Musselwhite states that he conducted surveillance of the houses of Mr. Xiang and Mr. Du. (Id. ¶¶ 3-4.) Mr. Xiang was never observed at his home; Mr. Musselwhite or one of his investigators also observed through the front door that the furniture in the living room was covered with sheets. (Id.

¶¶ 4-5.) According to Mr. Musselwhite, Mr. Du was seen at his home on one occasion when process was served. (Id. ¶ 4.)

RF Micro also filed the declaration of Benjamin Bai, who reports that Mr. Du has a residence in Shanghai and Mr. Xiang has a residence in Beijing. (Declaration of Benjamin Bai ("Bai Decl.") (Doc. 29) ¶ 6.) According to Mr. Bai, Mr. Du and Mr. Xiang have offices at Vanchip's operations in Shanghai and Beijing, respectively. (Id. ¶ 7.) Mr. Bai also reported the seizure of assets by the court in China. (Id. ¶¶ 12-14.)

**Analysis**

Federal Rule of Civil Procedure 64(a) provides that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies." North Carolina law provides that prejudgment attachment "may be had in any action the purpose of which, in whole or in part, or in the alternative, is to secure a judgment for money." N.C. Gen. Stat. § 1-440.2.

In an action for a money judgment, "attachment may be issued when the defendant is (1) [a] nonresident." Id. § 1-440.3. In determining whether a defendant is a nonresident,

this court is required to determine the actual residency of a defendant rather than the place of domicile. "Traditionally, residence is taken to signify one's place of actual abode, whether it be temporary or permanent. 'Residence' is thus distinguished from 'domicile,' which indicates one's permanent abode, to which, when absent, one intends to return." Vinson Realty Co. v. Honig, 88 N.C. App. 113, 116, 362 S.E.2d 602, 603 (1987) (citations omitted). As a result, whether or not a defendant has his domicile in the state of North Carolina is not dispositive for purposes of attachment. "[T]he proper determination to be made regarding attachment is residence, not domicile." Id., 362 S.E.2d at 603-04. "[W]here one voluntarily removes from this to another state, for the purpose of discharging the duties of an office of indefinite duration, which requires his continued presence there for an unlimited time, such person is a nonresident of this state for the purpose of attachment, notwithstanding he may visit the state, and have the intent to return at some time in the future." Brann v. Hanes, 194 N.C. 571, 574, 140 S.E. 292, 294 (1927).

As to Mr. Du, this court finds that RF Micro has not established that Mr. Du is a nonresident, even though he may be absent from the state of North Carolina for the purpose of

- 6 -

conducting business in China.  First, Mr. Du was present in the state to accept service of process at his home.  (Musselwhite Decl. ¶ 4 (Doc. 30)); cf. Brann, 194 N.C. at 575, 140 S.E. at 294 ("If, upon the levy of an attachment upon his property, he promptly returns to the state, and thereby subjects himself to personal service of summons, his motion to vacate the attachment upon the ground that he is not a nonresident would seem generally to be well-sustained.").  Second, this court concludes that it is not clear that Mr. Du's travels to China are sufficient to merit a finding that he is a nonresident.  Mr. Du's home appears to be presently occupied, Mr. Du's wife works in North Carolina, and Mr. Du was present at his home for service of process.  Finally, it appears that Mr. Xiang has listed Mr. Du's home address in Colfax as a mailing address (see Pl.'s Reply in Supp. of Mot. for Order of Attach., Ex. B (Doc. 28-2) at 2), suggesting that Mr. Du is present in North Carolina at some regular interval.

As to Mr. Xiang, however, this court finds that RF Micro has established that he is a nonresident pursuant to N.C. Gen. Stat. § 1-440.1 et seq.  Mr. Xiang acknowledges, like Mr. Du, that he is absent from the state of North Carolina most of the time for his work.  (Xiang Decl. ¶ 7 (Doc. 23).)  It appears

- 7 -

that he also maintains a residence in China.  (Bai Decl. ¶ 6 (Doc. 29).)  Unlike Mr. Du, Mr. Xiang does not appear to be residing in his North Carolina home at the present time for any purpose, nor does it appear his wife is present and residing in this state.  As noted above, Mr. Xiang has listed Mr. Du's address as a mailing address for purposes of property taxes, suggesting that Mr. Xiang is not present in the state on any regular basis.  Furthermore, Mr. Xiang's deed of trust contains a "Second Home Rider" which states that Mr. Xiang, the borrower, "shall occupy, and shall only use, the Property as Borrower's second home."  (Doc. 28-1, Ex. A at 2.)  Finally, although Mr. Xiang has accepted service of process, he was not served at his home or other residence.  Instead, it appears Mr. Xiang accepted service through his counsel.  (<u>See</u> Aff. of Serv. (Doc. 21).)

As a result of the foregoing, this court finds that Mr. Xiang is not a resident of the state of North Carolina for purposes of Plaintiff's Ex Parte Motion for Order of Attachment.

N.C. Gen. Stat. § 1-440.4 states that "[a]ll of a defendant's property within this State which is subject to levy under execution, or which in supplemental proceedings in aid of execution is subject to the satisfaction of a judgment for money, is subject to attachment under the conditions prescribed

by this Article." RF Micro has identified Mr. Xiang's property subject to attachment as the following: 1) the real property located at 8303 Bluebird Drive, Browns Summit, North Carolina 27214, and 2) all personal property owned by Mr. Xiang in the possession of BB&T North Carolina.

Mr. Xiang has described the real property located in Browns Summit, North Carolina, as a house purchased with his wife in December 2000. (Xiang Decl. (Doc. 23) ¶ 6.) Mr. Xiang states the house is currently jointly owned. (Id. ¶ 7.) The deed describes the grantees as Jimmy S. Xiang and Liang Q. Chen. (See Doc. 23-2, Ex. B at 2.)

Under North Carolina law, "[d]uring coverture, a judgment against either the husband or the wife is not a lien on land owned by husband and wife as tenants by the entirety." Grabenhofer v. Garrett, 260 N.C. 118, 120, 131 S.E.2d 675, 677 (1963). A "defendant has no (divisible) interest in the subject property which, during coverture, is subject to sale under judgment and execution against him alone." Id. "Lands held by husband and wife as tenants by the entirety are not subject to levy under execution on a judgment rendered against either the husband or the wife alone . . . ." Edwards v. Arnold, 250 N.C. 500, 506, 109 S.E.2d 205, 209 (1959) (quoting Johnson v.

Leavitt, 188 N.C. 682, 685, 125 S.E. 490, 492 (1924)) (internal quotation mark omitted).

Based upon the foregoing authorities, it does not appear that Mr. Xiang's real property in Browns Summit is subject to levy under execution, nor is it subject to the satisfaction of a judgment for money. As a result, this court concludes that attachment would not be appropriate as to Mr. Xiang's interest in the Browns Summit property on the facts presently appearing in the record.

As to the personal property, Mr. Xiang states in his affidavit that he holds "a bank account at BB&T jointly with [his] wife." (Xiang Decl. ¶ 8 (Doc. 23).) In Jimenez v. Brown, the North Carolina Court of Appeals held that "joint accounts are attachable to the extent of a debtor's contribution to the account." 131 N.C. App. 818, 825, 509 S.E.2d 241, 246 (1998). Thus, an order of attachment will be granted, but only to the extent of Mr. Xiang's contributions to any accounts at BB&T.

This court finds, however, that the evidence presently before the court is insufficient to determine what portion, if any, of the joint account represents Mr. Xiang's contribution to the BB&T account. Here, the record is silent as to the extent of Mr. Xiang's contribution as opposed to his wife's

contribution. According to Mr. Rhyne's affidavit, RF Micro deposited Mr. Xiang's paycheck into the BB&T account while he was employed at RF Micro, but no current information on the account is available. (Rhyne Aff. ¶ 8 (Doc. 6-1).)

Nevertheless, this court will grant the order of attachment as to Mr. Xiang's contributions to the joint account.

**IT IS THEREFORE ORDERED** that RF Micro's Motion for Order of Attachment (Doc. 5) is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** as to any contributions of Mr. Xiang's deposit account with BB&T. The motion is **DENIED** as to the real property of Mr. Xiang and is denied as to Mr. Du.

This the 12th day of December, 2012.

_William L. Osteen, Jr._
United States District Judge