IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


RF MICRO DEVICES, INC.,           )
                                  )
              Plaintiff,          )
                                  )
      v.                          )            1:12CV967
                                  )
JIMMY S. XIANG, XIAOHANG DU,      )
FENG WANG, and VANCHIP            )
TECHNOLOGIES LTD.,                )
                                  )
              Defendants.         )


<u>**MEMORANDUM OPINION AND ORDER**</u>

**OSTEEN, JR., District Judge**

    Presently before the court is Defendants' Motion to Dismiss
or Stay, or for a More Definite Statement (Doc. 34).  Defendants
have filed a memorandum in support of their motion (Doc. 35),
Plaintiff has filed a response in opposition (Doc. 37), and
Defendants have filed their reply (Doc. 38).  Defendants' motion
is now ripe for adjudication, and for the reasons that follow,
this court will deny the motion.

**I.    ANALYSIS**

    **(1) <u>Colorado River</u> Abstention**

    Defendants first contend that this court should either stay
or dismiss Plaintiff's federal lawsuit under the <u>Colorado River</u>
abstention doctrine.  Abstention from the exercise of federal

jurisdiction, however, "is the exception, not the rule." <u>Colo.</u>
<u>River Water Conservation Dist. v. United States</u>, 424 U.S. 800,
813 (1976); <u>see also</u> <u>id.</u> at 817 (noting the "virtually
unflagging obligation of the federal courts to exercise the
jurisdiction given them").  Thus, this court's task "is not to
find some substantial reason for the <u>exercise</u> of federal
jurisdiction," but rather "to ascertain whether there exist
'exceptional' circumstances, the 'clearest of justifications,'
. . . to justify the <u>surrender</u> of that jurisdiction." <u>Moses H.</u>
<u>Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 25-26
(1983).  For the reasons that follow, this court finds the
present case fails to present the exceptional circumstances
required for abstention.

    <u>Colorado River</u> requires a two-step analysis.  First, the
court must determine whether the concurrent foreign and federal
proceedings are parallel.[1]  "Suits are parallel if substantially
the same parties litigate substantially the same issues in
different forums." <u>New Beckley Mining Corp. v. Int'l Union,</u>

─────────────────────

    [1] Although many of the legal standards are stated in terms
of concurrent federal and state proceedings, the Fourth Circuit
applies the same framework to concurrent federal and foreign
proceedings.  <u>See, e.g.,</u> <u>Al-Abood v. El-Shamari</u>, 217 F.3d 225
(4th Cir. 2000); <u>see also</u> <u>Finova Capital Corp. v. Ryan</u>
<u>Helicopters U.S.A., Inc.</u>, 180 F.3d 896, 898 (7th Cir. 1999)
("[I]n the interests of international comity, we apply the same
general principles with respect to parallel proceedings in a
foreign court.").

- 2 -

United Mine Workers of Am., 946 F.2d 1072, 1073 (4th Cir. 1991). The Fourth Circuit has "strictly construed the requirement of parallel federal and state suits, requiring that the parties involved be almost identical," Great Am. Ins. Co. v. Gross, 468 F.3d 199, 208 (4th Cir. 2006), and has cautioned district courts to avoid making this determination at "too general a level." See Chase Brexton Health Servs., Inc. v. Maryland, 411 F.3d 457, 464 (4th Cir. 2005). Furthermore, "some factual overlap does not dictate that proceedings are parallel." New Beckley, 946 F.2d at 1074. Instead, the Fourth Circuit considers "the remedies sought and the issues raised." See Chase Brexton, 411 F.3d at 465; New Beckley, 946 F.2d at 1074 ("The parties in both actions are virtually identical, but the issues raised and remedies sought are not. . . . A difference in remedies is a factor counseling denial of a motion to abstain."); see also Gannett Co. v. Clark Constr. Grp., Inc., 286 F.3d 737, 743 (4th Cir. 2002) (finding that the two actions at issue sought "different remedies").

Here, the parties dispute both predicate issues, i.e., whether the parties and issues are substantially the same. Although the facts in the two lawsuits substantially overlap, the extent to which the legal issues and remedies will ultimately overlap remains unclear at this stage of the

- 3 -

proceedings.  Furthermore, this lawsuit includes contract and copyright claims that do not have close counterparts in the Chinese proceeding.  Thus, despite substantial factual overlap, this court finds that the issues raised and the remedies sought in the two lawsuits are not substantially similar.

Even if the two lawsuits were parallel, this court would not abstain at this time based on its conclusions as to the second step of the Colorado River analysis.  At this stage of the analysis, the court must determine whether "exceptional circumstances" warranting abstention exist based on the following factors identified by the Fourth Circuit:

> (1) whether the subject matter of the litigation involves property where the first court may assume in rem jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights.

Chase Brexton, 411 F.3d at 463-64.  This determination "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction."  Moses H. Cone, 460 U.S. at 16; see also Colo. River, 424 U.S. at 818-19 ("[A] carefully considered judgment

- 4 -

taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required.  Only the clearest of justifications will warrant dismissal." (citation omitted)).  "[A] decision to abstain does not require the presence of all of the factors."  Sto Corp. v. Lancaster Homes, Inc., 11 F. App'x 182, 187 (4th Cir. 2001).

This court now turns to a consideration of the relevant factors.  First, this litigation does not involve any property over which the Chinese court may assume in rem jurisdiction to the exclusion of this court.  When considering this factor, the Fourth Circuit focuses on the nature of the proceedings at issue.  See, e.g., Gannett Co., 286 F.3d at 747 ("[B]oth the State Contract Action and the Federal Contract Action are in personam proceedings; thus, neither of the parallel proceedings has jurisdiction over the property.  Accordingly, this factor weighs against abstention.").  In the present case, because the federal lawsuit is an in personam proceeding, this factor weighs against abstention.

Defendants also contend that the second factor, whether the federal forum is inconvenient, favors abstention for several reasons.  For the reasons discussed in the forum non conveniens section below, this court finds that the federal forum is not sufficiently inconvenient to warrant abstention in this case.

- 5 -

The third factor, the desirability of avoiding piecemeal litigation, does not favor abstention in this case because the nature of these proceedings does not "render[] the fact of duplicative proceedings exceptionally problematic."  See Gannett Co., 286 F.3d at 746.  "The 'mere potential for conflict in the results of adjudications, does not, without more, warrant staying exercise of federal jurisdiction.'"  Chase Brexton, 411 F.3d at 465 (quoting Colo. River, 424 U.S. at 816).  "Instead, for abstention to be appropriate, retention of jurisdiction must create the possibility of inefficiencies and inconsistent results beyond those inherent in parallel litigation, or the litigation must be particularly illsuited for resolution in duplicate forums."  Gannett Co., 286 F.3d at 744.  "The threat of piecemeal litigation in the sense that two cases proceed simultaneously . . . is not sufficient to support a decision to abstain under Colorado River."  Chase Brexton, 411 F.3d at 465-66.

The fourth factor, the relevant order in which the courts obtained jurisdiction and the progress achieved in each action, also weighs against abstention.  This factor "should be viewed pragmatically, meaning that 'priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.'"

- 6 -

Gannett Co., 286 F.3d at 747-48 (quoting Moses H. Cone, 460 U.S.
at 21). Although the "fact that the same plaintiff files suit
in federal court after first filing in state court" may offer
some support for abstention, Sto Corp., 11 F. App'x at 189, it
is not determinative; this factor counts for little even if the
plaintiff waits several months to file the second complaint.
See, e.g., New Beckley, 946 F.2d at 1074 ("The order in which
the courts obtained jurisdiction matters little, since [the
plaintiff] filed the suits in March and December of the same
year.").

Here, Plaintiff filed its federal lawsuit approximately two
weeks after initiating proceedings in China. As represented at
the hearing on this motion, the two actions have progressed at
similar paces, and, based on procedural differences, there is a
good chance this lawsuit will conclude before the Chinese suit.
Thus, although this factor may not "weigh heavily in favor of
exercising federal jurisdiction, it counsels against
abstention." See Gannett Co., 286 F.3d at 748 n.10.

The fifth and sixth factors, the source of law and the
adequacy of the alternative proceeding, "can be used only in
'rare circumstances' to justify Colorado River abstention." Id.
at 746 (citing Moses H. Cone, 460 U.S. at 26). "Instead, these
factors typically are designed to justify retention of

- 7 -

jurisdiction where an important federal right is implicated and state proceedings may be inadequate to protect the federal right, or where retention of jurisdiction would create 'needless friction' with important state policies." Id. (citation omitted).

This court finds that this proceeding does not present an example of the "rare circumstances" when the final two factors may be used to justify abstention. At this stage, it is unclear the extent to which this court will be called on to apply Chinese law. Furthermore, Plaintiff has raised a legitimate concern as to whether a Chinese court would accept jurisdiction over its contract claim. As discussed more fully below, this concern has not been sufficiently rebutted. Even if the Chinese forum would be adequate, the sixth factor would weigh only slightly, if at all, in favor of abstention.

Accordingly, this court will not abstain from exercising its jurisdiction over this lawsuit based on the facts and arguments presented.

**(2) Forum Non Conveniens**

Defendants have also moved to dismiss this suit on forum non conveniens grounds. A defendant invoking this doctrine "ordinarily bears a heavy burden in opposing the plaintiff's chosen forum." Sinochem Int'l Co. v. Malay. Int'l Shipping Co.,

- 8 -

549 U.S. 422, 430 (2007).  While holding Defendants to this
burden, this court "must determine whether the alternative forum
is: 1) available; 2) adequate; and 3) more convenient in light
of the public and private interests involved."  Jiali Tang v.
Synutra Int'l, Inc., 656 F.3d 242, 248 (4th Cir. 2011).  The
forum non conveniens doctrine is "ultimately concerned with
convenience, not simply the locus of alleged wrongful conduct,"
id. at 252, and "the mere presence of parallel litigation bears
only marginally" on convenience.  SAS Inst., Inc. v. World
Programming Ltd., 468 F. App'x 264, 266 (4th Cir. 2012) (per
curiam); see also Adelson v. Hananel, 510 F.3d 43, 54 (1st Cir.
2007) (holding that the district court erred in "construing the
importance of concurrent litigation within the forum non
conveniens analysis").

    The availability and adequacy requirements overlap to a
certain extent.  "'Ordinarily, [the availability] requirement
will be satisfied when the defendant is 'amenable to process' in
the [foreign] jurisdiction.'"  Galustian v. Peter, 591 F.3d 724,
731 (4th Cir. 2010) (alterations in original) (quoting Piper
Aircraft Co. v. Reyno, 454 U.S. 235, 254 n.22 (1981)).  The
alternate forum "must be available as to all defendants."
Galustian, 591 F.3d at 731.  The availability requirement is
also not satisfied "'where the remedy offered by the other forum

- 9 -

is clearly unsatisfactory' or when the other forum does not provide for a cause of action for the plaintiff's alleged injury."  Id. (quoting El-Fadl v. Cent. Bank of Jordan, 75 F.3d 668, 677 (D.C. Cir. 1996), abrogated on other grounds by Samantar v. Yousuf, 560 U.S. 305 (2010)).

"A foreign forum is adequate when '(1) all parties can come within that forum's jurisdiction, and (2) the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court.'"  Jiali Tang, 656 F.3d at 249 (quoting Fidelity Bank PLC v. N. Fox Shipping N.V., 242 F. App'x 84, 90 (4th Cir. 2007)).  "An inadequate forum based on substantive law arises 'where the alternative forum does not permit litigation of the subject matter of the dispute.'"  Compania Naviera Joanna SA v. Koninklijke Boskalis Westminster NV, 569 F.3d 189, 205 (4th Cir. 2009) (quoting Piper Aircraft, 454 U.S. at 254 n.22).

Plaintiff argues that the Chinese forum is neither available nor adequate, asserting that "neither court has jurisdiction over at least two of the defendants in the other action – and the causes of action are distinct and are governed under the respective laws and standards."  (Pl.'s Opp'n to Defs.' Mot. to Dismiss or Stay, or for a More Definite Statement ("Pl.'s Resp.") (Doc. 37) at 12-13.)  Plaintiff also asserts

- 10 -

that there is no precedent under Chinese law to enforce the
contracts allegedly breached in this case.  (Id. at 13.)  In
response, Defendants contend that Plaintiff "has not cited any
support for its claim that breach of contract claims lack
precedent or otherwise cannot be asserted in China, and a
similar contention was rejected in Huang v. Advanced Battery
Tech., Inc., 2010 U.S. Dist. LEXIS 51694, *19-20 (S.D.N.Y. May
26, 2010)."  (Def.' Reply in Supp. of Mot. to Dismiss or Stay,
or for a More Definite Statement (Doc. 38) at 6.)

    Although the Supreme Court has implicitly recognized, see
Sinochem Int'l, 549 U.S. at 435, and the Fourth Circuit has
explicitly recognized, Jiali Tang, 656 F.3d at 253, China as an
adequate forum in certain contexts, merely citing a case from
the Southern District of New York is insufficient to carry
Defendants' "burden to 'provide enough information to the
District Court' to demonstrate that the alternative forum is
both available and adequate."  See Galustian, 591 F.3d at 731
(quoting Piper Aircraft, 454 U.S. at 258).  In Huang, the case
cited by Defendants, the parties had filed affidavits from
experts in Chinese law addressing whether a Chinese court would
be willing to accept jurisdiction over the contract claim at
issue in that case.  Huang v. Advanced Battery Techs., Inc., No.
09 CV 8297(HB), 2010 WL 2143669, at *5-6 (S.D.N.Y. May 26,

2010).  Here, this court finds that there is insufficient evidence to find that China would provide an adequate forum for the particular contract claims at issue.

Even if the Chinese forum would be available and adequate, a finding of forum non conveniens would be inappropriate in this case because Defendants have not satisfied their burden of demonstrating that the Chinese forum would be more convenient in light of the heightened deference accorded a plaintiff's decision to file suit in its home forum.  See SAS Inst., 468 F. App'x at 266 ("[W]hen a domestic plaintiff initiates litigation in its home forum, it is entitled not only to the degree of deference generally accorded to a plaintiff's choice of forum, but to a 'heightened deference' based on its status as a citizen seeking a remedy in the courts of its own country.") (quoting Adelson, 510 F.3d at 53).  "As long as there is a 'real showing of convenience by a plaintiff who has sued in his home forum [it will] normally outweigh the inconvenience the defendant may have shown.'"  DiFederico v. Marriott Intern., Inc., 714 F.3d 796, 803 (4th Cir. 2013) (alteration in original) (quoting Koster v. (Am.) Lumbermens Mut. Cas. Co., 330 U.S. 518, 524 (1947)).

In considering convenience, this court must weigh a number of factors based on public and private interests.

- 12 -

The factors pertaining to the private interests
of the litigants include[] the "relative ease of
access to sources of proof; availability of compulsory
process for attendance of unwilling, and the cost of
obtaining attendance of willing, witnesses;
possibility of view of premises, if view would be
appropriate to the action; and all other practical
problems that make trial of a case easy, expeditious
and inexpensive."  The public factors bearing on the
question include[] the administrative difficulties
flowing from court congestion; the "local interest in
having localized controversies decided at home"; the
interest in having the trial of a diversity case in a
forum that is at home with the law that must govern
the action; the avoidance of unnecessary problems in
conflict of laws, or in the application of foreign
law; and the unfairness of burdening citizens in an
unrelated forum with jury duty.

Piper Aircraft, 454 U.S. at 241 n.6 (citation omitted); see also

Jiali Tang, 656 F.3d at 249.

A number of these factors are relevant to this case.

Taking those factors into account, this court finds that

Defendants have not presented evidence sufficient to overcome

the "heightened deference" granted to Plaintiff's decision to

bring suit in its home district.

This court first finds that the relevant public interest

factors weigh against a finding of forum non conveniens in this

case.  It would not be unfair to burden citizens in this forum

with jury duty, and there is at least some local interest in

resolving the present controversy within this district.

Although much of the relevant conduct may have occurred in

- 13 -

China, Plaintiff is a North Carolina corporation with its principal place of business in this district.

Furthermore, the extent to which this court will ultimately be called on to apply Chinese law is unclear at this stage of the proceedings.  The Supreme Court has noted that "[m]any forum non conveniens decisions have held that the need to apply foreign law favors dismissal."  Piper Aircraft, 454 U.S. at 260 n.29.  Although this doctrine "is designed in part to help courts avoid conducting complex exercises in comparative law," id. at 251; see also Jiali Tang, 656 F.3d at 252 (noting that the doctrine "exists largely to avoid [complex] comparative law problems"), "this factor alone is not sufficient to warrant dismissal when a balancing of all relevant factors shows that the plaintiff's chosen forum is appropriate."  Piper Aircraft, 454 U.S. at 260 n.29.  In addition, North Carolina law would apply, at the very least, to Plaintiff's breach of contract claims.

Turning to the private interest factors, Defendants contend that the Chinese forum would be far more convenient for the parties because a large portion of the relevant evidence is located in China and written in Chinese; the only third-party individuals and entities cited by Plaintiff are located in

- 14 -

either China or Hong Kong;[2] and it would be logistically challenging for willing foreign witnesses to testify and difficult, if not impossible, to compel testimony from unwilling foreign witnesses in the United States.

Defendants have presented some evidence that proceeding in the Chinese forum would be more convenient.  An inability to compel the attendance of foreign witnesses does weigh in favor of a finding of forum non conveniens.  See Jiali Tang, 656 F.3d at 252 ("The court rightly observed that it lacks authority to compel the attendance of Chinese witnesses, greatly undermining a fact-finding effort in Maryland."); cf. Piper Aircraft, 454 U.S. at 258 ("Piper and Hartzell have moved for dismissal precisely because many crucial witnesses are located beyond the reach of compulsory process . . . .").  Furthermore, the Fourth Circuit has found that the need for translators may be considered as part of the analysis.  See Jiali Tang, 656 F.3d at 252 ("Moreover, because much of the evidence will derive from Chinese witnesses, trial in an American court will require costly translators.").  Also, although it is unclear at this stage what portion of the relevant documents would need to be

---

[2] These sixteen individuals and entities have not yet been identified as witnesses.

translated from Chinese, a significant amount of translation may
be required.

While there may be some evidence that the Chinese forum
would be more convenient, this court finds that the federal
forum is not so inconvenient as to justify a finding of forum
conveniens.  "[A] domestic plaintiff's choice of its home forum
is presumptively convenient," <u>SAS Inst.</u>, 468 F. App'x at 266,
and this court finds no reason to deprive Plaintiff of this
presumption on the facts of this case.

This court finds <u>SAS Institute, Inc. v. World Programming
Ltd.</u>, 468 F. App'x 264 (4th Cir. 2012), a recent unpublished
opinion, particularly instructive.  In that case, the plaintiff
– a North Carolina corporation – first filed a lawsuit in the
United Kingdom and three months later filed a second lawsuit
based on the same facts in the Eastern District of North
Carolina.  <u>See</u> <u>SAS Inst., Inc. v. World Programming Ltd.</u> (SAS
I), No. 5:10-CV-25-FL, 2011 WL 1059128, at *1 (E.D.N.C. Mar. 18,
2011), <u>rev'd</u>, 468 F. App'x 264 (4th Cir. 2012).  The district
court was particularly concerned that an "identical lawsuit in
[this] court would permit and encourage 'forum shopping on an
international scale.'"  <u>Id.</u> at *4.  The Fourth Circuit found
that the district court's analysis "gave undue weight to the
fact that the parties were engaged in parallel U.K. litigation,"

- 16 -

noting that "the mere presence of parallel litigation bears only marginally on the touchstone of the forum non conveniens analysis; namely, convenience." SAS Inst. (SAS II), 468 F. App'x at 266. The "undue focus on the U.K. litigation in [SAS I] risked 'convert[ing] the analysis' from balancing the respective conveniences 'into a determination of which of the two pending cases should go forward.'" Id. (second alteration in original) (quoting Adelson, 510 F.3d at 54). As in SAS II, this court finds that Defendants have not overcome the "heightened deference" accorded Plaintiff's forum choice "based on its status as a citizen seeking a remedy in the courts of its own country." See id.

More recently, in DiFederico, the Fourth Circuit held that the availability of compulsory process for attendance of unwilling witnesses and the costs of bringing witnesses to court is only to be given little weight in the overall balancing scheme when the defendant has not shown that any witness is actually unwilling to testify. DiFederico, 714 F.3d at 806. The defendant is not required to show that a particular witness "is unwilling to testify . . . [b]ut it must do more than simply point to categories of witnesses who are outside the court's control." Id.

- 17 -

Based on the foregoing, Defendants motion to dismiss on forum non conveniens grounds is denied.

**(3)  Failure to State Claims**

Defendants also argue that the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim or, in the alternative, that this court should require a more definite statement, particularly focusing on Plaintiff's alleged failure to sufficiently identify the trade secrets and proprietary information at issue in this case.

North Carolina courts apply a special pleading standard to claims under North Carolina's Trade Secrets Protection Act.  "To plead misappropriation of trade secrets, 'a plaintiff must identify a trade secret with sufficient particularity so as to enable a defendant to delineate that which he is accused of misappropriating and a court to determine whether misappropriation has or is threatened to occur.'"  VisionAIR, Inc. v. James, 167 N.C. App. 504, 510-11, 606 S.E.2d 359, 364 (2004) (quoting Analog Devices, Inc. v. Michalski, 157 N.C. App. 462, 468, 579 S.E.2d 449, 453 (2003)); see also Washburn v. Yadkin Valley Bank & Trust Co., 190 N.C. App. 315, 325-27, 660 S.E.2d 577, 585-86 (2008).  Thus, in North Carolina state court a complaint must allege "with sufficient specificity either the trade secrets . . . allegedly misappropriated or the acts by

- 18 -

which the alleged misappropriations were accomplished."
<u>Washburn</u>, 190 N.C. App. at 327, 660 S.E.2d at 586.

Federal district courts in North Carolina, including this
district, have applied this pleading standard to claims under
the North Carolina Trade Secrets Protection Act.  <u>See, e.g.</u>,
<u>River's Edge Pharm., LLC v. Gorbec Pharm. Servs., Inc.</u>, No.
1:10CV991, 2012 WL 1439133, at *13 (M.D.N.C. Apr. 25, 2012);
<u>Asheboro Paper & Packaging, Inc. v. Dickinson</u>, 599 F. Supp. 2d
664, 676 (M.D.N.C. 2009); <u>McElmurry v. Alex Fergusson, Inc.</u>, No.
1:04CV389, 2006 WL 572330, at *17 (M.D.N.C. Mar. 8, 2006).  For
purposes of this motion, this court will assume that this
pleading standard applies in federal court under the <u>Erie</u>
doctrine.

This court finds that Plaintiff has adequately stated its
claims for relief.  Although Defendants may desire more
specificity at this stage, the Complaint's allegations are
sufficient to alert Defendants and this court to the trade
secrets that have allegedly been misappropriated.  The parties
will have the opportunity to further delineate the trade secrets
at issue in this lawsuit through the discovery process.

**(4) Failure to Join an Indispensable Party**

Defendants have also moved to dismiss this lawsuit under
Federal Rules of Civil Procedure 12(b)(7) and 19(b), arguing

- 19 -

that this court "is not able to provide all of the relief requested – assignment of the Chinese patent applications – without joining more defendants."  (Defs.' Mem. of Law in Supp. of Mot. to Dismiss or Stay, or for a More Definite Statement (Doc. 35) at 21.)  In response, Plaintiff contends that it "seeks damages and equitable relief for defendants' copyright infringement, misappropriation of trade secrets, breaches of contract, unfair and deceptive trade practices and conversion. The absence of Vanchip Tianjin in no way affects this Court's ability to accord such relief."  (Pl.'s Resp. (Doc. 37) at 20.)

Rule 12(b)(7) allows motions to dismiss for "failure to join a party under Rule 19."  Rule 19 provides in relevant part that, if feasible, a person "must be joined as a party if . . . in that person's absence, the court cannot accord complete relief among existing parties."  Fed. R. Civ. P. 19(a).  When joinder of an otherwise required party is not feasible, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."  Fed. R. Civ. P. 19(b).  "The burden of proof rests on the party raising the defense . . . to 'show that the person who was not joined is needed for a just adjudication.'"  <u>Am. Gen. Life & Accident Ins. Co. v. Wood</u>, 429 F.3d 83, 92 (4th Cir.

2005) (quoting 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1609 (3d ed. 2001)).

"A Rule 19(b) analysis is not mechanical; rather it is conducted in light of the equities of the particular case at bar." Schlumberger Indus., Inc. v. Nat'l Sur. Corp., 36 F.3d 1274, 1287 (4th Cir. 1994); see also Owens-Ill., Inc. v. Meade, 186 F.3d 435, 441 (4th Cir. 1999) ("Courts are loath to dismiss cases based on nonjoinder of a party, so dismissal will be ordered only when the resulting defect cannot be remedied and prejudice or inefficiency will certainly result."). One factor this court may consider when deciding this issue is whether any prejudice could be avoided by "shaping the relief." Fed. R. Civ. P. 19(b)(2)(B).

Here, Defendants have not satisfied their burden of showing that the two Chinese Vanchip companies are needed for a just adjudication. At this stage of the proceedings, it is still unclear what relief, if any, this court will ultimately be called upon to consider. This court also finds that any prejudice potentially resulting to the Chinese Vanchip companies could be lessened or avoided by shaping the relief in this case. Accordingly, Defendants' Rule 12(b)(7) motion will be denied.

## II. CONCLUSION

For the reasons set forth herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss or Stay, or for a More Definite Statement (Doc. 34) is **DENIED.**

This the 30th day of September, 2013.

_____
                United States District Judge