IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
RF MICRO DEVICES, INC.,         )
                                )
            Plaintiff,          )
                                )
     v.                         )          1:12CV967
                                )
JIMMY S. XIANG, XIAOHANG DU,    )
FENG WANG, and VANCHIP          )
TECHNOLOGIES LTD.,              )
                                )
            Defendants.         )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Presently before this court is a Motion for Reconsideration of Protective Order filed by Plaintiff RF Micro Devices, Inc. ("Plaintiff"). (Doc. 189.) Defendants have responded, (Doc. 199), and Plaintiff has replied. (Doc. 204.) This issue is now ripe for resolution, and for the reasons stated herein, Plaintiff's motion will be denied.

## I. BACKGROUND

This motion arises out of this court's entry of a Protective Order on December 10, 2015. (See Dec. 10, 2015 Protective Order (Doc. 180).) The Protective Order provides that any discovery produced by a party that is marked as "Confidential Information" may only be used "in connection with

the instant action and any appeal." (Id. ¶ 5.) This language was adopted over the objection of Plaintiff, who had requested that it be allowed to use such information in the related litigation that is currently proceeding in China. (See Pl.'s Br. in Supp. of Mot. for Reconsideration of Protective Order ("Pl.'s Br.") (Doc. 190) at 2.)

This is not the first time this issue has arisen in this litigation. Prior to the opening of discovery, this court denied Plaintiff's Motion to Take Limited Expedited Discovery for Use in a Foreign Proceeding, which sought to obtain certain emails preserved by Defendants' internet service providers ("ISPs") for use in the litigation in China. (See Order (Doc. 62).) Discovery in this case opened on November 15, 2013, and the issue of whether discovery obtained in this case should be provided to the Chinese court was again briefed during the first motions for a Protective Order. (See, e.g., Docs. 86, 92, 99, 101, 103, 104.) Before this court could enter an order, discovery in the case was stayed upon intervention of the United States. (See Temporary Stay Order (Doc. 143).) That stay was lifted on December 10, 2015, and this court entered a Protective Order on the same day. (See Order (Doc. 179); Dec. 10, 2015 Protective Order (Doc. 180).) Plaintiff now requests that this

court reconsider the Protective Order and allow Plaintiff to present evidence obtained in this case to the Chinese court.

## II. **ANALYSIS**

Although they do not limit this court's discretion, courts in the Fourth Circuit have routinely looked to the standards governing the reconsideration of final judgments under Rule 59(e) in considering a motion for reconsideration of an interlocutory order under Rule 54(b). See Volumetrics Med. Imaging, LLC, v. Toshiba Am. Med. Sys., No. 1:05CV955, 2011 WL 6934696, at *2 (M.D.N.C. Dec. 30, 2011). A motion for reconsideration under Rule 54(b) is "appropriately granted only in narrow circumstances: (1) the discovery of new evidence, (2) an intervening development or change in the controlling law, or (3) the need to correct a clear error or prevent manifest injustice." Pender v. Bank of Am. Corp., No. 3:05-CV-238-MU, 2011 WL 62115, at *1 (W.D.N.C. Jan. 7, 2011). On the other hand, a motion to reconsider is improper where "it only asks the Court to rethink its prior decision, or presents a better or more compelling argument than the party could have presented in the original briefs on the matter." Hinton v. Henderson, No. 3:10cv505, 2011 WL 2142799, at *1 (W.D.N.C. May 31, 2011) (internal citations and quotations omitted), see also Directv,

Inc. v. Hart, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004) (holding that a motion to reconsider is not proper when it "merely asks the court to rethink what the Court had already thought through — rightly or wrongly" (internal citations and quotations omitted)).

Here, Plaintiff has presented what it styles as new evidence in the form of a declaration from a former Chinese Judge, as well as arguments both that it will suffer prejudice if it is not allowed to present evidence from this case to the Chinese court, and that caselaw supports that the decision of whether to accept this evidence should be made by the Chinese court. (See Pl.'s Br. (Doc. 190) at 4-8; Pl.'s Br., Ex. B, Decl. of Guangwei Wang (Doc. 190-2).)

In this case, Plaintiff has not produced "new evidence that could not have been obtained through the exercise of due diligence," nor shown that the Court "obviously misapprehended [its] position or the facts or applicable law." United States v. Duke Energy Corp., 218 F.R.D. 468, 474 (M.D.N.C. 2003). Rather, Plaintiff essentially attempts to present a "better or more compelling argument" in favor of its position, which courts routinely hold to be inadequate on a motion for reconsideration. Hinton, 2011 WL 2142799, at *1.

First, the declaration that Plaintiff has submitted in support of the instant motion is no different in substance from the declarations it has previously submitted to this court on the same subject, and does not constitute "new evidence." (See Pl.'s Br. in Supp. of Mot. to Take Limited Expedited Discovery for Use in a Foreign Proceeding, Ex. A, Decl. of Benjamin Bai (Doc. 47-1) ¶ 11 ("Evidence obtained outside of China is admissible in Chinese courts."); Pl.'s Br. in Supp. of Mot. to Submit Declaration of Wei He as Sur-Reply, Ex. A, Decl. of Wei He (Doc. 103-1) ¶ 4 ("[E]xtraterritorial evidence is legitimate evidence that is widely accepted by Chinese courts.").) This declaration is not "new or previously unobtainable, but merely newly submitted." Duke Energy, 218 F.R.D. at 474. While the new declaration is from a former judge, rather than an attorney, it contains no real new information from the previous declarations filed by Plaintiff, and is thus insufficient to cause this court to reconsider its previous ruling.

Second, there has been no cited change in the applicable law. Plaintiff's cited support for its argument that this court should allow the Chinese court to decide whether it wishes to accept any evidence have previously been presented to this court and rejected. (See, e.g., Order (Doc. 62) at 7-8.) This court

also rejected a similar argument in entering the Protective Order on December 10, 2015. (See Dec. 10, 2015 Protective Order (Doc. 180).) The reiteration of arguments that have previously been rejected is of little weight in this context, and are not persuasive on a motion for reconsideration.

Finally, there will be no manifest injustice done. In the context of a motion for reconsideration, manifest injustice is defined as "an error by the court that is 'direct, obvious, and observable.'" Register v. Cameron & Barkley Co., 481 F. Supp. 2d 479, 480 n.1 (D.S.C. 2007) (quoting In re Oak Park Calabasas Condominium Ass'n, 302 B.R. 682 (Bankr. C.D. Cal. 2003)). Plaintiff points to no observable or obvious error by this court, but rather argues that it will be "severely prejudiced" by the ruling, because the Chinese court is the only tribunal with the power to impact the Defendants currently residing in China. Again, these are the same arguments that have been voiced by Plaintiff in multiple previous motions. They do not show that this court misunderstood Plaintiff's arguments, only that it disagreed with them. As such, they do not justify reconsideration of the Protective Order.

## III. **CONCLUSION**

For the reasons stated herein, Plaintiff's Motion for Reconsideration of Protective Order (Doc. 189) is **DENIED**.

This the 8th day of June, 2016.

```
                    /s/ William L. Osteen, Jr.
          _____
                   United States District Judge
```