IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| RF MICRO DEVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12CV967 |
| | ) | |
| JIMMY S. XIANG, XIAOHANG DU, | ) | |
| FENG WANG, and VANCHIP | ) | |
| TECHNOLOGIES LTD., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Presently before the court is a Motion for Disclosure of Grand Jury Materials filed by Plaintiff RF Micro Devices, Inc., ("Plaintiff"). (Doc. 184.) Defendants Jimmy Xiang ("Defendant Xiang"), Xiaohang Du ("Defendant Du"), Feng Wang, and Vanchip Technologies, Ltd. (collectively "Defendants") have responded. (Docs. 186, 191.) The United States, as Intervenor, has also filed a response to Plaintiff's motion. (Doc. 192.) Plaintiff has replied. (Doc. 193.) This matter is now ripe for resolution, and for the reasons set forth herein, Plaintiff's motion will be granted.

I.  **BACKGROUND**

Plaintiff initiated this suit in 2012, bringing causes of action against Defendants for copyright infringement, misappropriation of trade secrets, breach of contract, unfair and deceptive trade practices, and conversion. (See Complaint ("Compl.") (Doc. 1).) In 2014, the United States moved to intervene in this case and stay discovery until the resolution of parallel criminal proceedings pending against Defendants Xiang and Du. (Doc. 121.) The United States Attorney indicted Defendants Xiang and Du on multiple counts of theft of trade secrets, and after that indictment was unsealed, Defendant Xiang was arrested upon reentry into the United States from China. (See Gov't's Resp. to Pl.'s Mot. for Disclosure of Grand Jury Materials ("Gov't Resp.") (Doc. 192) at 2.) On March 20, 2015, Defendant Xiang pled guilty to one count of theft of trade secrets (see Criminal Case 1:14CR160-1, Doc. 94; Minute Entry 03/20/2015), and on December 10, 2015, the court lifted the stay in the civil case. (See Doc. 179.) Defendant Du has not returned to the United States, and his criminal case remains outstanding. (Gov't Resp. (Doc. 192) at 2.)

The Indictment in the parallel criminal proceedings identified several documents and emails in its allegations of theft of trade secrets. According to Plaintiff, the individual

Defendants in this case have refused to provide substantive information or documents during discovery by invoking the Fifth Amendment, including refusing to provide the individual documents identified in the Indictment. (Pl.'s Br. in Supp. of Mot. for Disclosure of Grand Jury Materials ("Pl.'s Br.") (Doc. 185) at 3.) Plaintiff has also apparently been unable to obtain these documents from other sources, having subpoenaed numerous other individuals and entities to no avail. (Id. at 3-4). However, those documents are in the possession of the United States, and Plaintiff now asks this court to order the disclosure of those documents.

## II. ANALYSIS

Before addressing whether or not Plaintiff has met its burden of showing that it is entitled to the disclosure of grand jury materials, this court must decide the preliminary question of whether the materials sought are in fact grand jury materials subject to protection in the first place.

Rule 6(e)(2)(B) of the Federal Rules of Criminal Procedure prohibits the disclosure of "matter[s] occurring before the grand jury." This long-established policy of nondisclosure seeks to: (1) prevent the escape of prospective indictees, (2) insure the grand jury of unfettered freedom in its deliberations, (3) impede the subornation of perjury and tampering of witnesses by

- 3 -

targets of the investigation, (4) encourage forthrightness in witnesses without fear of retaliation, and (5) act as a shield for those who are exonerated by the grand jury. United States v. Proctor & Gamble Co., 356 U.S. 677, 681 n.6 (1958).

While the content of matters occurring before the grand jury "can be anything that may reveal what has transpired before the grand jury," Rule 6(e)(2) protects "only the essence of what takes place in the grand jury room." In re Grand Jury Subpoena, 920 F.2d 235, 241 (4th Cir. 1990) (internal quotations and citations omitted). Several courts have held that information that is "produced by criminal investigations paralleling grand jury investigations does not constitute matters occurring before the grand jury if the parallel investigation was truly independent of the grand jury proceedings." Id. at 242 (internal quotations omitted); see also In re Grand Jury Matter (Catania), 682 F.3d 61 (3d Cir. 1982); Anaya v. United States, 815 F.2d 1373 (10th Cir. 1987). Courts also distinguish between documents that are sought for the information that they contain, which may be disclosed, and documents that are sought to reveal the direction or strategy of a grand jury investigation, which are subject to protection. (See generally United States v. Dynavac, Inc., 6 F.3d 1407, 1411-12 (9th Cir. 1993); DiLeo v. Comm'r of

- 4 -

Internal Revenue, 959 F.2d 16, 19 (2d Cir. 1992); <u>In re Grand Jury Investigation</u>, 630 F.2d 996, 1000-01 (3d Cir. 1980).

In the instant case, Plaintiff seeks documents[1] that were obtained by the Government via a search warrant that was executed prior to the convening of a grand jury. (<u>See</u> Gov't Resp. (Doc. 192) at 2-3.) The documents include several emails sent between Defendants in this case and unnamed co-conspirators, a document containing "Assembly and Parts Cost Information," apparently relating to one of Plaintiff's products, and a data file. (<u>See</u> Def. Xiang's Resp. to Pl.'s Mot. for Disclosure of Grand Jury Materials ("Def. Xiang's Resp.) (Doc. 186) at 3-4.)

This court finds that the first two items sought by Plaintiff, "Document One" and "File One," (Pl.'s Br. (Doc. 185) at 4), are not "matters occurring before the grand jury" for purposes of Rule 6(e)(2). These documents, as noted above, were either obtained via a search warrant in a criminal investigation or voluntarily given to the Government by Defendant Xiang, rather than obtained by grand jury subpoena. Further, these two

---

[1] Plaintiff's motion seeks the disclosure of fourteen documents. However, Defendant Xiang states in his reply brief that, due to the resolution of the criminal case against him, he now plans to produce nine of the fourteen documents sought, and as such, this court will limit its discussion to the remaining five.

documents are technical in nature, sought for the information that they contain rather than to reveal the grand jury's deliberations or use of them, and will not reveal the "essence" of what took place in the grand jury room. See In re Grand Jury Subpoena, 920 F.2d at 241. As such, this court finds that these two documents are not subject to Rule 6(e) restrictions, and will order that they be disclosed to Plaintiff.

The remaining three emails raise a closer question. While they were seized as part the same search warrant, rather than a grand jury subpoena, they are not documents that simply detail technical information. While Plaintiff does not apparently seek these documents for the purpose of learning what use the Grand Jury made of them, these emails contain the names of individuals who were under investigation and were apparently not indicted, as well as communications that allegedly formed the basis of the misappropriation alleged in the Indictment. As such, they fall closer to documents that risk revealing the inner workings of the grand jury.

However, this court need not resolve this issue, because even if these three documents are in fact "matters occurring before the grand jury" for purposes of Rule 6, Plaintiff has met its burden of showing that they should be disclosed.

The secrecy requirements of Rule 6 are not absolute, and a private party may seek disclosure of grand jury materials for use in civil matters when it demonstrates a "particularized need" for those materials that outweighs the public's interest in secrecy. See Douglas Oil Co. v. Petrol Stops Nw., 441 U.S. 211, 223 (1979). A party can establish a "particularized need" by showing that (1) the materials are needed to avoid an injustice in another proceeding; (2) the need for disclosure is greater than the need for secrecy; and (3) the request is structured to cover only needed materials. United States v. Moussaoui, 483 F.3d 220, 235 (4th Cir. 2007). The court has substantial discretion to determine whether particularized need has been established. In re Grand Jury Proceedings GJ-76-4 & GJ-75-3, 800 F.2d 1293, 1299 (4th Cir. 1986). As the considerations requiring secrecy become less relevant, a party asserting a need for those materials will have a lesser burden of showing justification for that need. Douglas Oil Co., 441 U.S. at 223.

Here, Plaintiff contends that these materials are needed to impeach and/or cross-examine the individual Defendants on the issues of whether they possessed and transmitted trade secrets belonging to Plaintiff, which they currently deny. Further, Plaintiff argues that it has a particular need for these

documents because disclosure would "serve the interests of fairness and justice," as Plaintiff has been unable to obtain these documents through normal discovery, and is the only party that has not had access to them, in part due to Defendants' invocation of the Fifth Amendment. (See Pl.'s Br. (Doc. 185) at 8-10.)

This court finds that Plaintiff has demonstrated a "particularized need" that outweighs the public's interest in the secrecy of grand jury proceedings. First, courts have found the need to impeach witnesses, the need to avoid misleading the trier of fact, and a party's inability to obtain needed discovery due to the invocation of the Fifth Amendment to constitute a "particularized need" for grand jury materials. See, e.g., Douglas Oil Co., 441 U.S. at 222 n.12; In re Corrugated Container Antitrust Litig., 687 F.2d 52, 56 (5th Cir. 1982). Here, the balance of Plaintiff's need for these materials with the public's interest in secrecy tips in Plaintiff's favor, especially when considering that, because the grand jury has finished its deliberations and the Indictment has now been unsealed, the concerns for secrecy in the grand jury proceedings at issue are considerably lessened. See United States v. Colonial Chevrolet Corp., 629 F.2d 943, 950 (4th Cir. 1980) ("[W]hen the grand jury has completed its work and the criminal

- 8 -

Case 1:12-cv-00967-WO-JLW   Document 212   Filed 06/09/16   Page 8 of 10

proceedings initiated by the grand jury indictment have been concluded, the reasons for secrecy, in the opinion of the Supreme Court, are substantially diminished and correspondingly the requirement of a showing of a 'particularized need' as a basis for disclosure is diminished."). Further, there is little concern that disclosure of these documents will impede the ability of future grand juries to function or receive honest and open testimony from witnesses. See Douglas Oil Co., 441 U.S. at 229. Contrary to, for example, a transcript of grand jury deliberations, the documents at issue here do not disclose the procedures used by the grand jury or the identity of any witnesses who testified in front of them. That Plaintiff also seeks only a limited disclosure of fourteen documents in total, all of which were named in the Indictment, rather than a large set of materials reviewed by the grand jury, further weighs in favor of disclosure. Finally, this court notes that the Government has indicated in its response to Plaintiff's motion that it does not oppose the disclosure of these documents. (See Gov't Resp. (Doc. 192).)

Thus, this court finds that Plaintiff has met its burden of showing a "particularized need" that outweighs the typical secrecy requirements of Rule 6. As such, it will order the disclosure of those documents to Plaintiff by the Government.

**III. CONCLUSION**

For the reasons stated herein, Plaintiff's Motion for Disclosure of Grand Jury Materials (Doc. 184) is **GRANTED.**

This the 9th day of June, 2016.

                              /s/ William L. Osteen, Jr.
                              United States District Judge